IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JANE DOE, et al. ) | |
| ) | CASE NO.: 3:25-cv-201 |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | **MOTION TO PROCEED UNDER A** |
| MICHAEL KULESIA ) | **PSEUDONYM AS TO PLAINTIFF** |
| ) | **"JANE DOE"** |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff Jane Doe, is the victim of the nonconsensual distribution of intimate visual depictions, known colloquially as "revenge porn." As asserted in Plaintiffs' Complaint,[1] Defendant distributed the intimate visual depictions of Plaintiff Doe – in which she is identifiable – on public social media accounts, as well as through targeted direct messages online. (See Compl. at ¶¶ 24, 32, 41-42, 69-71.) Further, as alleged in the Complaint, it is Plaintiff Doe's good faith belief that Defendant has published additional intimate visual depictions of her to other, presently unknown locations online. (*Id.* at ¶¶ 73-74) This good faith belief arises from, amongst other things, representations made by Defendant in public posts to Facebook wherein he claimed to have uploaded an explicit, sexual video of Plaintiff to a pornographic website and, further, that he was earning money from the content publication. (*Id.*) Additionally, in email correspondence directed to Plaintiff Doe, Defendant acknowledged that a video of Plaintiff Doe – which included intimate visual depictions – had gotten "out on the internet," giving rise to reasonable concerns that such video is now being circulated by unknown third parties. (*Id.* at ¶¶ 63-64.) Plaintiff Doe has

---

[1] The other Plaintiff in this matter, Plaintiff Scheel, is not seeking pseudonymous treatment.

already suffered significant emotional distress, embarrassment, and humiliation as a result of Defendant's invasions of her privacy and is tormented by the prospect that this content is being circulated online without her knowledge. (*Id.* at ¶¶ 40-44, 106-110.) The emotional distress suffered has been so severe as to give rise to suicidal ideation and require professional, mental health assistance. (*Id.* at ¶ 106.)

Plaintiff Doe, as she is presently referred to in the Complaint, seeks to proceed in this case pseudonymously, solely as "Jane Doe" to protect her privacy interests, which Defendant grossly violated, and to avoid suffering further embarrassment and emotional distress. This is a case where, due to the nature of the claims and subject matter at issue, Plaintiff is necessarily required to disclose matters of the utmost intimacy. It is also a case where the identification of Plaintiff, by her true name, would compound the harm already caused by Defendant's actions. These are both factors routinely considered by courts when determining whether pseudonymous treatment is appropriate and that weigh in favor of granting pseudonymous treatment here. Additionally, Defendant will not be prejudiced by permitting Plaintiff Doe to proceed pseudonymously, as Defendant is well aware of Plaintiff Doe's identity; this, too, is a factor weighing in favor of permitting pseudonymous treatment. Finally, Plaintiff Doe is pursuing claims under 15 U.S.C. § 6851, a statute that expressly provides for the use of a pseudonym by plaintiffs in pursuing their claims. See 15 U.S.C. § 6851(b)(3)(B). For these reasons, as set forth in full below, Plaintiff Doe requests that this Court grant the instant Motion and permit her to proceed in this matter under the pseudonym "Jane Doe."

LAW AND ARGUMENT

Plaintiff Doe acknowledges that, generally, a complaint must state the names of all parties and be prosecuted in the name of the real party in interest. Fed.R. Civ.P. 10(a); Fed. R.Civ.P. 17.

However, exceptions are permissible under certain circumstances. See *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 139 (S.D. Ind. 1996). Specifically, a party may be permitted to proceed under a pseudonym – such as "Jane Doe" – in instances where the presumption of (and interest in) maintaining open judicial proceedings is outweighed by the substantial privacy interests of the party seeking pseudonymous treatment. *Id.* In determining whether, on balance, the party's interest in privacy is so significant as to outweigh the presumption in favor of public identification of litigants, federal courts in Indiana have considered the following non-exclusive factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017). Not all factors will necessarily be involved in a particular case and courts avoid a mechanical application of the factors. *See Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016); *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. at 140. Generally, the decision to allow a party to proceed using a pseudonym is within the discretion of the court. *Doe v. Purdue Univ.,* 321 F.R.D. 339, 341 (N.D. Ind. 2017).

Notably, courts recognize that there are certain categories (or types) of cases where pseudonymous or fictitious treatment is more likely to be appropriate. As noted by the Seventh Circuit, "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Similarly, courts have observed that pseudonymous treatment is more frequently approved in cases that touch upon "the area of human

sexuality" because of the "sensitive and highly personal" nature of such topics and risks of social stigmatization that plaintiffs often face when these topics are addressed in litigation. *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases). *See generally, Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D. R.I. 1992) ("Unquestionably, one's sexual practices are among the most intimate parts of one's life.")

Naturally, claims arising from the non-consensual distribution of intimate images involve the area of human sexuality and, inherently, the disclosure of the most intimate aspects of one's life. The need for pseudonymous treatment in such cases was recognized by the legislature when enacting 15 U.S.C. § 6851 – the statute creating a federal, civil action for the disclosure of persons' "intimate visual depictions" without their consent as part of the Violence Against Women Act Reauthorization of 2022. *S.S. v. Collins*, No. 23-0892, 2024 U.S. Dist. LEXIS 135664, at *12, 2024 WL 3594350 (July 31, 2024); *Doe v. Ghiorso*, No. 2:24-CV-57, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024) ("§ 6851 plainly contemplates the need for anonymity during litigation when the plaintiff's intimate image is shared involuntarily."); *Doe Williams v. Williams*, No. 3:24-CV-165, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024) (granting motion to proceed under pseudonym, noting "Section 6851's very purpose is to protect against one's intimate matters being publicized[.]"). This statutory scheme expressly states that courts can authorize the plaintiff's use of a pseudonym in pursuing relief. See 15 U.S.C. § 6851(b)(3)(B) (providing that, in a civil action filed under this section, "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.")

Courts across the country have found it appropriate to authorize anonymous or pseudonymous treatment for plaintiffs pursuing a claim under 15 U.S.C. § 6851 or, generally, in cases involving the nonconsensual dissemination of intimate images. See, e.g. *C.V. v. Carminucci*,

4

No. 2:24-CV-2096 (JXN) (SDA), 2024 WL 3983007, at *2 (D.N.J. Aug. 28, 2024) (finding that § 6851 provides sufficient authority to permit pseudonymous treatment and the plaintiff's motion could be granted on this basis alone or, alternatively, under the multi-factor test generally used); *Doe v. McCoy*, No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D. Ga. Feb. 28, 2024) (granting motion to proceed anonymously, finding the disclosure of the plaintiff's identity in a § 6851 case "would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct."); *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) (finding pseudonymous treatment appropriate for plaintiffs in case involving claim under § 6851 based on both the authority granted under the statute, as well as the customarily applied test for pseudonymous treatment); *Doe v. Willis*, No. 23-CV-2171-REB-SBP, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023) (authorizing use of pseudonym in case involving nonconsensual distribution of intimate images); *K.I. v. Tyagi*, No. 1:23-CV-02383-JRR, 2024 WL 342899, at *3 (D. Md. Jan. 30, 2024) (applying multi-factor balancing test to find pseudonymous treatment appropriate in case involving the unauthorized publication of sexually explicit videos of the plaintiff without reference to a claim asserted under § 6851); P.F. v. Brown, 80 Misc. 3d 893, 896, 197 N.Y.S.3d 679, 682 (N.Y. Sup. Ct. 2023) (granting the plaintiff's motion for use of a pseudonym in case with claim brought under New York state statute relating to "revenge porn" using multi-factor test); *Doe v. Oshrin*, 299 F.R.D. 100, 103-04 (D.N.J. 2014) (permitting pseudonymous treatment in case for claims arising from recordation and distribution of pornographic images of the plaintiff).

      Pseudonymous treatment for Plaintiff Doe is appropriate in this case wherein Plaintiff Doe asserts a claim under 15 U.S.C. § 6851, as well as a variety of common law claims arising from the dissemination of intimate visual depictions of her by Defendant. As noted by other courts that

have addressed similar cases, the statute itself provides sufficient authority to grant pseudonymous treatment. See *C.V. v. Carminucci*, No. 2:24-CV-2096 (JXN) (SDA), 2024 WL 3983007, at *2 (D.N.J. Aug. 28, 2024). However, even if 15 U.S.C. § 6851(b)(3)(B) did not provide this protection, pseudonymous treatment would be appropriate based upon a balancing test under the factors identified in *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017). Here, only the second, fourth and fifth factors are at issue, as this case does not involve a governmental entity (first factor) and Plaintiff is not alleging that she would be compelled to admit, through the litigation, that she intended to engage in illegal conduct (the third factor). The remaining factors are whether the plaintiff would be required to disclose information of the utmost intimacy (second factor); whether the plaintiff would risk suffering injury if identified (fourth factor); and whether the party defending against a suit brought under a pseudonym would be prejudiced (fifth factor). Each are discussed below and weigh in favor of affording Plaintiff the protection contemplated by the federal statute.

As stated above, this case necessarily requires Plaintiff to disclose information of the utmost intimacy with regard to her private sexual activities – activities Defendant published to the internet. Accordingly, the second factor weighs in favor of pseudonymity. Notably, as recognized in *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) the disclosure of intimate information during the proceedings, or even in the Complaint itself, related to history of sexual activities, anatomic details, or other sexual details are the type of "highly sensitive and personal details of an intimate nature" that weigh in favor of permitting pseudonymous treatment. These are the precise type of details that are at issue here, as reflected in the Complaint itself.

As to the fourth factor, Plaintiff does, indeed, risk suffering injury if identified in these proceedings. As recognized in the multitude of cases regarding the nonconsensual distribution of

6

intimate images, disclosure of a victim's identity would clearly compound the harm already suffered by the public dissemination of highly sensitive images of them on the internet. See, e.g. *Doe v. McCoy*, No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D. Ga. Feb. 28, 2024). As pled in Plaintiffs' Complaint Plaintiff has suffered extreme psychological injury as a result of the publication of the images to the internet, including the humiliation associated with the public disclosure of extraordinarily sensitive images depicting sexual activity. (*See, e.g.* Compl. at ¶ 106). The disclosure of Plaintiff Doe's identity in federal court filings – which are readily accessible to any internet user – will ensure that anyone with an internet connection can easily discern the fact that sexually explicit content about Plaintiff Doe is available on the internet." See Doe v. Purdue Univ., 321 F.R.D. 339, 343 (N.D. Ind. 2017) ("[t]he nature of the internet in present society also makes case-related information associated with an individual's name accessible

　　　　The fifth factor, whether or not the plaintiff's pseudonymous treatment will prejudice the defendant, also tips the balance in favor of allowing Plaintiff to proceed pseudonymously. Here, there is simply no basis upon which Defendant can argue that he would suffer "prejudice" as a result of Plaintiff Doe's use of pseudonym. The use of a pseudonym will not impact Defendant's ability to conduct discovery, prepare a defense, and plan for trial, as he is well aware of Plaintiff's identity. *See, e.g. Wyndham Hotels & Resorts*, 2020 WL 4368214, at *10 ("Prejudice to Defendants is minimal because [the pseudonymous plaintiff] will agree to reveal her identity for purposes of investigating her claims.") Here, the actions described in the Complaint, as well as counsel's prior communication with counsel for Defendant, fully place Defendant on notice of who Plaintiff is and precisely what she is alleging.

7

For these reasons, Plaintiff Doe respectfully requests that this Court enter an order authorizing Plaintiff – presently identified as Jane Doe in the Complaint – to proceed in this matter pseudonymously as Jane Doe.

                          Respectfully submitted,

                          */s/ Patrick D. Lockhart*
                          Patrick D. Lockhart (36887-49)
                          KEIS | GEORGE llp
                          55 Public Square, #1900
                          Cleveland, Ohio 44113
                          216.241.4100 / F 216.771.3111
                          Email: *plockhart@keisgeorge.com*
                          **Attorney for Plaintiffs**