UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANE DOE, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:25-CV-201-CCB-SJF |
| MICHAEL KULESIA, | |
| Defendant. | |

**ORDER**

Plaintiffs filed this case on March 5, 2025, along with a Motion to Proceed Under a Pseudonym as to Plaintiff "Jane Doe." An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-1(d)(3)(A). As the motion was filed contemporaneously with Plaintiffs' complaint, the Court allowed for Defendant to be served and to appear in the case prior to issuing any ruling on the motion. Defendant appeared by counsel on June 23, 2025, and filed his answer to Plaintiffs' complaint on July 23, 2025. Defendant did not file any response to Plaintiffs' motion. Accordingly, the Court can only treat Plaintiffs' motion as unopposed.

Defendant's lack of objection does not necessarily allow for summary ruling, however. "The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* Thus, "the title of the complaint must name all parties" and every action must "be prosecuted in

the name of the real party in interest." Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). "[T]he judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

Courts consider certain factors when determining "whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Id.* These factors include consideration of

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *2 (S.D. Ind. Aug. 7, 2006). Put another way, unless a narrow exception applies—exceptions such as a minor plaintiff, or the risk of retaliation or injury—plaintiffs cannot proceed anonymously. *See* Fed. R. Civ. P. 5.2(a); *Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d 721-24 (7th Cir. 2011).

In support of her motion, Plaintiff Jane Doe explains that she seeks to proceed anonymously to protect her privacy and to avoid further embarrassment and emotional distress and injury. Ms. Doe explains that her case stems from Defendant's nonconsensual distribution of inmate visual depictions of her after she ended their

2

romantic relationship—i.e., actions known as "revenge porn." [DE 1 at 3, ¶¶ 11-12; DE 2 at 1]. Ms. Doe explains that she has already suffered significant emotional distress and humiliation due to Defendant's actions and that identification of her name through this litigation would compound this harm. Ms. Doe maintains that Defendant knows her identity and that the public will be able to follow the litigation even without her identity disclosed.

    The Court finds that, based on the harms alleged, Ms. Doe has shown that there are exceptional circumstances to grant her motion. *See also* 15 U.S.C. § 6851(b)(3)(B) (stating that the "court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" in civil actions relating to disclosure of intimate images). Moreover, as Ms. Doe has also contended, Defendant already knows her identity, and the public will be able to adequately understand this litigation without knowing her name. Her interest in anonymity thus outweighs the public's interest in disclosure and any prejudice to Defendant.

    Accordingly, Ms. Doe's Motion to Proceed Anonymously is **GRANTED.** [DE 2].

    **SO ORDERED** this 25th day of July 2025.

                                                   s/Scott J. Frankel
                                                 Scott J. Frankel
                                                 United States Magistrate Judge