UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JANE DOE and DAVID SCHEEL, | ) | JUDGE CRISTAL BRISCO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CAUSE NO. 3:25-CV-201-CCB-SJF |
| v. | ) | |
| | ) | |
| MICHAEL KULESIA, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

The Parties hereby stipulate to, and move the Court to enter, the following Protective Order; accordingly, it is ORDERED:

**I.  Scope.**

This Protective Order ("Order") shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not part to this Action, but who are required to produce documents in response to a subpoena connection with this Action, shall be entitled to invoke the provisions of this Order as such non-party were a party to this Action.

II.    **Protected Material.**

Materials designated as Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Material." The parties may not designate as Protected Material any material which is available to the public.

A.    **Confidential Information.**

The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality:

1.    "Sensitive Party Personal or Identifying Information." For purposes of this Order, Sensitive Party Personal Identifying Information means Social Security numbers, driver's license numbers, passport numbers, dates of birth, financial account numbers, biometric identifiers, personal addresses, and nonpublic contact information.

2.    "Plaintiff Doe Identifying Information." For purposes of this Order, Plaintiff Identifying Information means any information that could reasonably be used, alone or in combination with other information, to identify the Plaintiff, who is proceeding under a pseudonym, including but not limited to: her legal name; birth date; home or work address; personal email addresses; telephone numbers; social media usernames or account identifiers; photographs; biometric

2

identifiers; employment history; educational records; family member names; aliases; or any other non-public information tending to reveal her identity.

3. "Intimate Image Material." For purposes of this Order, Intimate Image Material means any photograph, video, or digital depiction of nudity or sexual conduct of an identifiable individual, together with any copies, thumbnails, metadata, hashes, filenames, URLs, or derivative records, regardless of whether the parties dispute whether consent existed to the creation, possession, or distribution of such material. For purposes of this Order, the parties agree that an individual is an "identifiable individual" if their face is visible in the content at issue.

4. "Medical Information." For purposes of this Order, Medical Information means any non-public information relating to an individual's physical health or medical care, including but not limited to medical records; treatment notes; diagnoses; prescriptions; test results; billing records; insurance information; and communications with healthcare providers, excluding mental health records designated under Section B below.

Information or documents that are available to the public may not be designated as Confidential Information.

**B.      Attorneys' Eyes Only Information.**

The designation "Attorneys' Eyes Only" shall be limited to Highly Sensitive Mental Health Records, which, if improperly disclosed to another party in this litigation, could pose a substantial risk of serious and irreparable privacy harm, could deter treatment, and could subject the individual to stigma, harassment, or emotional distress, with minimal countervailing value to unrestricted party access. Because designation of information as "Attorneys' Eyes Only" is more restrictive on disclosure and may interfere with the discovery process, such designations should be used infrequently and minimally. Highly Sensitive Mental Health Records means information relating to an individual's mental or emotional health that is of an especially sensitive nature, including but not limited to psychotherapy or counseling records; therapy notes; mental health diagnoses; trauma histories; crisis evaluations; psychiatric treatment records; medications prescribed for mental health conditions; and notes or assessments reflecting intimate emotional, cognitive, or psychological states.

**III.    Designation of Protected Material.**

A Producing Party shall designate as "Confidential" or "Attorneys' Eyes Only" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and N.D. Ind. L.R. 37-1.

## IV.    Protections Afforded Protected Material.

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who

makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order.

### A.  Confidential Information.

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

2. **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3. **The Court and its Personnel;**

4. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5. **Contractors.** Those persons specifically engaged for the

limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the

course of litigation); and

9. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

B. **Attorneys' Eyes Only Information.**

Materials designated "Attorneys' Eyes Only" shall not be given, shown, made available, communicated, or disclosed to anyone other than:

1. The counsel advising or representing any party or non-party witness in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action, provided that, before any disclosure is made to a non- party witness and/or the non-party witness's counsel, the non- party witness and/or his or her counsel must execute Exhibit A;

2. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

3. Such persons as counsel of record for all parties shall consent to in writing or on the record prior to the proposed disclosure;

4. The Court and Court personnel, and any court of competent appellate jurisdiction;

5. Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or

8

retrieving data, provided that, each respective vendor or contractor has a general confidentiality agreement in place with retaining counsel;

6.      Independent consultants and/or experts, retained by the Parties to work on the action, provided that, before any disclosure is made, she/he must execute Exhibit A; and

7.      Persons who are identified in the materials designated "Attorneys' Eyes Only" as having previously had access to or previously seen the materials.

## C.      Inadvertent Failure to Designate.

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9

D.      **Filing of Protected Material.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with N.D. Ind. L.R. 5-3.

**V.      Objections to Designations and Disclosure.**

The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

A.      **Meet and Confer.**

A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

B.      **Judicial Intervention**

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent

10

declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

## VI.    Action by the Court

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

## VII.    Use of Protected Material.

### A.    Purposes for Which Protected Material May Be Used.

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

### B.    Use of Protected Materials in Pleadings or Other Submissions.

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with N.D. Ind. L.R. 5-3 and the provision of Section IV(C) of this Order.

**C.**      **Right to Public Challenge.**

Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

**D.**      **Use of Protected Material at Trial or Hearings.**

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

**VIII.   Use by Persons Producing the Protected Material.**

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way such party sees fit.

**IX.     Previously Produced Information.**

A Producing Party shall have 20 days from the entry on this Order to designate any information previously produced in this litigation as Confidential or Attorneys' Eyes Only. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and

such information shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Section VIII.

## X.      Obligations on Conclusion of Litigation.

### A.      Order Continues in Force.

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

### B.      Obligations at Conclusion of Litigation.

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

### C.      Retention of Work Product and one set of Filed Documents.

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

13

verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

## XI.    No Prior Judicial Determination.

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## XII.   Modifications.

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

## XIII.  Nature of Order and Jurisdiction.

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

**SO ORDERED.**

Dated: _5/13/2026_____          _s/Scott J. Frankel_____

                                            U.S. Magistrate Judge

**WE SO MOVE
and agree to abide by the
terms of this Order**

_/s/ Michael P. Smyth_____          Date: _05/07/26_____
Signature

Michael P. Smyth (#36356-53)

*Attorney for Defendant*
*Michael Kulesia*

**WE SO MOVE
and agree to abide by the
terms of this Order**

_/s/Andrew C. Stebbins_____          Date: _05/07/26_____
Signature

Andrew C. Stebbins (pro hac vice)

*Attorney for Plaintiffs Jane Doe and David*
*Scheel*

15

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
[Division Name] DIVISION

| | | |
|---|---|---|
| **[Plaintiff]**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **[Case No.]** |
| | ) | |
| **[Defendant]**, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me.  I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Protected Materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Information to me. As an alternative to returning Protected Material, I will destroy all such materials and certify that all Material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

Dated:_____

_____
Signature

Printed Name:_____
Address:_____
City, State, Zip Code:_____

_____

4924-4791-1849, v. 1